FILED

2011 Nov-15  AM 10:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA, NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **CLARENCE CRAYTON;** | ) | |
| | ) | |
| **JOHN K. ATKINSON;** | ) | |
| | ) | |
| **DON HAATAJA;** | ) | |
| | ) | |
| **LARRY LIPE;** | ) | |
| | ) | |
| **J. LYNN FREEMAN,** personal | ) | |
| representative of **THE ESTATE OF** | ) | |
| **JOHN C. ROBERTS;** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | **Civil Action No.:** |
| **ARMSTRONG** | ) | |
| **INTERNATIONAL, INC.;** | ) | |
| | ) | _____ |
| **A.W. CHESTERTON COMPANY;** | ) | |
| | ) | |
| **CBS CORPORATION,** f/k/a | ) | |
| **Viacom, Inc.,** successor by merger | ) | |
| with **CBS Corporation**, f/k/a | ) | **JURY DEMAND** |
| **Westinghouse Electric Corp.;** | ) | |
| | ) | |
| **CRANE CO;** | ) | |
| | ) | |
| **CROWN CORK & SEAL CO.,** | ) | |
| **INC.**, individually and as successor | ) | |
| in interest to **Mundet Cork** | ) | |
| **Corporation;** | ) | |
| | ) | |
| **DANA COMPANIES, LLC**, f/k/a | ) | |
| **Dana Corporation**, individually and | ) | |
| as successor in interest to **Victor** | ) | |
| **Manufacturing & Gasket Co.;** | ) | |
| | ) | |
| **DANIEL INTERNATIONAL** | ) | |
| **CORPORATION**, f/k/a **Daniel** | ) | |
| **Construction Company;** | ) | |
| | ) | |
| **DAVIS ELECTRICAL** | ) | |

**CONTRACTORS, INC.;** )
)
**DURABLA MANUFACTURING** )
**COMPANY;** )
)
**FLOWSERVE CORPORATION** )
f/k/a **The Duriron Company, Inc.**; )
)
**ANCHOR DARLING VALVE** )
**COMPANY;** )
)
**FLUOR DANIEL SERVICES** )
**CORPORATION**, f/k/a **Davis** )
**Contractors & Engineers, Inc.;** )
)
**FMC CORPORATION**, )
individually and as successor in )
interest to **Peerless Pump Co.;** )
)
**FOSTER WHEELER LLC;** )
)
**GENERAL ELECTRIC** )
**COMPANY;** )
)
**GEORGIA-PACIFIC LLC;** )
)
**INGERSOLL-DRESSER PUMP** )
successor in interest to **Pacific** )
**Pump;** )
)
**THE GOODYEAR TIRE &** )
**RUBBER COMPANY;** )
)
**GOULDS PUMPS, INC,** a wholly )
owned subsidiary of **ITT Corp.;** )
)
**HONEYWELL, INC.;** )
)
**HONEYWELL** )
**INTERNATIONAL INC.**, )
individually and as successor in )
interest to **Allied Chemical Inc.**, )
f/k/a **Bendix Corporation;** )
)
**IES COMMERCIAL, Inc.,** )
successor in interest to **IES** )

2

**Industrial Inc.;**                        )
**INDUSTRIAL HOLDINGS**                      )
**CORPORATION**, f/k/a **The**               )
**Carborundum Company;**                     )
                                             )
**JOHN CRANE INC.**, f/k/a **John**          )
**Crane Packing Company;**                   )
                                             )
**METROPOLITAN LIFE**                        )
**INSURANCE COMPANY;**                       )
                                             )
**NATIONAL SERVICE**                         )
**INDUSTRIES, INC.;**                        )
                                             )
**ROCKWELL AUTOMATION,**                     )
**INC.**, a/k/a **Rockwell International**    )
**Corporation;**                             )
                                             )
**SAINT-GOBAIN ABRASIVES,**                  )
**INC.**, f/k/a **Norton Company;**          )
                                             )
**SEPCO CORPORATION;**                       )
                                             )
**SPIRAX SARCO, INC.;**                      )
                                             )
**STERLING FLUID SYSTEMS**                   )
**(USA), LLC**, f/k/a **Peerless Pump**      )
**Company;**                                 )
                                             )
**TYCO INTERNATIONAL (US)**                  )
**INC.**, individually and as successor      )
in interest to **Tyco Valves and**          )
**Controls**, **Grinnel Supply, Grinnel**    )
**Fire Protection**, and **Simplex**         )
**Grinnel;**                                 )
                                             )
**THE WILLIAM POWELL**                       )
**COMPANY;**                                 )
                                             )
              **Defendants.**                )

3

## COMPLAINT

**COME NOW** Plaintiffs, by and through counsel, G. Patterson Keahey, Esq., and file this Complaint stating as follows:

## BACKGROUND FACTS – PLAINTIFFS

1.      Plaintiff, Clarence Crayton, (hereinafter "Crayton" or "Plaintiff") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a machine operator and dye maker from 1974 through 2004.

2.      Plaintiff, John K. Atkinson, (hereinafter "Atkinson") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials, and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a boiler inspector and engineer from approximately 1970 to 1993.

3.      Plaintiff, Don Haataja, (hereinafter "Haataja" or "Plaintiff") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a carpenter from approximately 1964 to 1994.

4.      Plaintiff, Larry Lipe, (hereinafter "Lipe" or "Plaintiff") a resident of Alabama,

4

was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as an electronic technician, in communications, and maintenance worker from 1971 through 2011.

5.     Plaintiff, J. Lynn Freeman, personal representative of the Estate of John C. Roberts, deceased, (hereinafter "Roberts" or "Plaintiff") is a resident of Alabama, as was John C. Roberts, prior to his death. Roberts was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a certifying officer, payroll officer, and able seaman from approximately 1943 to 1964.

6.     At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company, the above-named Defendants were in control of premises and/or were manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers, and/or suppliers of asbestos, asbestos insulation materials, and/or asbestos-containing products (hereinafter referred to as "asbestos products").  In addition, each of the above-named Defendants, acting by and through their servants, agents, and employees, caused such asbestos products to be sold and placed in the stream of commerce.

## BACKGROUND FACTS - THE DEFENDANTS

7.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set

forth herein.

8.     With the exception of Defendant Metropolitan Life Insurance Company, each and every one of the following Defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities, and worksites containing asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others:

9.     Armstrong International, Inc., a Michigan corporation whose principle place of business is 900 Maple Street, Three Rivers, MI 49093, may be served c/o David Dykstra, 900 Maple Street, Three Rivers, MI 49093.

10.     A.W. Chesterton Company, a Massachusetts corporation whose principal place of business is 500 Unicorn Park Drive, Woburn, MA 01801, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

11.     CBS Corporation, f/k/a Viacom, Inc., successor by merger with CBS Corporation, f/k/a Westinghouse Electric Corporation, a Delaware corporation whose principle place of business is 51 West 52nd Street, New York, NY 10036, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

12.     Crane CO., a Delaware corporation whose principle place of business is 100 Stamford Place, Stamford, CT 06902, may be served through its registered agent c/o CT Corporation System, 208 South LaSalle Street, Chicago, IL 60604.

13.     Crown Cork & Seal Co., Inc., individually and as successor in interest to Mundet Cork Corporation, a Pennsylvania corporation whose principal place of business is One Crown Way, Philadelphia, PA 19154, may be served c/o Timothy J. Donahue, Executive Vice President

and Chief Financial Officer.

14.     Dana Companies, LLC, f/k/a Dana Corporation, individually and as successor in interest to Victor Manufacturing & Gasket Company, a Virginia corporation whose principal place of business is 4500 Dorr Street, Toledo, OH 43615, may be served through its registered agent c/o CT Corporation System, 1300 East Ninth Street, Suite 1010, Cleveland, OH 44114.

15.     Daniel International Corporation, f/k/a Daniel Construction Company, a South Carolina corporation whose principal place of business is 100 Four Daniel Drive, Greenville, SC 29607, may be served through its registered agent c/o John R. Reynolds, 100 Four Daniel Drive, Greenville, SC 29607.

16.     Davis Electrical Contractors, Inc., a South Carolina corporation whose principle place of business is P.O. Box 1907, Greenville, SC 29602, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

17.     Durabla Manufacturing Company, a New York corporation whose principal place of business is 2572 Industry Lane, Norristown, PA 19403, may be served through its highest ranking officer at 2572 Industry Lane, Norristown, PA 19403.

18.     Flowserve Corporation f/k/a The Duriron Company, Inc., a Delaware corporation whose principal place of business is 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

19.     Anchor Darling Valve Company, a Delaware corporation whose principal place of business is 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

20.     Fluor Daniel Services Corporation, f/k/a Davis Contractors & Engineers, Inc., a Delaware corporation whose principle place of business is Daniel Building, Greenville, SC 29602, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

21.     FMC Corporation, individually and as successor in interest to Peerless Pump Co., a Delaware corporation whose principle place of business is 1735 Market Street, Philadelphia, PA 19103, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

22.     Foster Wheeler LLC, a Delaware corporation whose principle place of business is Perryville Corporate Park, Clinton, NJ 08809, may be served through its registered agent c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

23.     General Electric Company, a New York corporation whose principal place of business is P.O. Box 2216, Schenectady, New York 12301, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

24.     Georgia-Pacific LLC, individually and as successor in interest to Bestwall Gypsum Company, a Delaware corporation whose principal place of business is 133 Peachtree Street Northeast, 42nd Floor, Atlanta, GA 30303, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

25.     Ingersol-Rand Equipment Corporation, a foreign corporation, may be served through its registered agent, CT Corporation System, 222 W. Washington Avenue, Madison WE 53703.

26.     The Goodyear Tire & Rubber Company, an Ohio corporation whose principal place of business is 1144 East Market Street, Akron, OH, may be served through its registered

agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

27.    Goulds Pumps, Inc., a wholly-owned subsidiary of ITT Corporation, a Delaware corporation whose principal place of business is 240 Fall Street, Seneca Falls, NY 13148, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

28.    Honeywell Incorporated may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

29.    Honeywell International Inc., individually and as successor in interest to Allied Chemical Inc., f/k/a Bendix Corporation, a Delaware corporation whose principle place of business is 1209 Orange Street, Wilmington, DE 19801, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

30.    IES Commercial, Inc., successor in interest to IES Industrial, Inc., a South Carolina corporation whose principal place of business is 429 North Main Street, Greenville, SC 29601, may be served through its registered agent c/o CT Corporation System, 1300 East 9th Street, Cleveland, OH 44114.

31.    Industrial Holdings Corporation, f/k/a The Carborundum Company, a New York corporation whose principal place of business is 1271 A Sixth Avenue, New York, NY 10020, may be served through its registered agent c/o Prentice Hall, 80 State Street, Albany, NY 12207.

32.    John Crane Inc. f/k/a John Crane Packing Company, a Delaware corporation whose principal place of business is 229 South State Street, Dover, DE 19901, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

33.    Metropolitan Life Insurance Company, a New York corporation whose principal

place of business is One Madison Avenue, New York, NY 10010, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

34.    National Service Industries, Inc., a Delaware corporation whose principal place of business is 1420 Peachtree Street Northeast, Atlanta, GA 30309, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

35.    Rockwell Automation, Inc., a/k/a Rockwell International Corporation, a Delaware corporation whose principal place of business is 777 East Wisconsin Avenue, Suite 1400 MW31, Milwaukee, WI 53202, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

36.    Saint-Gobain Abrasives, Inc. f/k/a Norton Company, a Massachusetts corporation whose principal place of business is One New Bond Street, Worcester, MA, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

37.    Sepco Corporation, a California corporation whose principal place of business is 29982 Ivy Glenn Drive, Laguna Niguel, CA 92677, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

38.    Spirax Sarco, Inc., a Delaware corporation whose principal place of business is 1150 Northpoint Boulevard, Blythewood, SC 29016, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

39.    Sterling Fluid Systems (USA), LLC, f/k/a Peerless Pump Company, a Delaware corporation whose principal place of business is 2005 Dr. Martin Luther King Street,

Indianapolis, IN 46202, may be served through its registered agent c/o CT Corporation System, 251 East Ohio Street, Suite 1100, Indianapolis, IN 46204.

40.     Tyco International (US) Inc., individually and as successor in interest to Tyco Valves and Controls, Grinnel Supply, Grinnel Fire Protection, and Simplex Grinnel, a Massachusetts corporation whose principal place of business is One Tyco Park, Exeter, NH 03833, may be served through its registered agent c/o CT Corporation System, 101 Federal Street, Boston, MA 02110.

41.     The William Powell Company, an Ohio corporation whose principal place of business is 2503 Spring Grove Avenue, Cincinnati, OH 45214, may be served through its registered agent c/o D.R. Cowart, 2503 Spring Grove Avenue, Cincinnati, OH 45214.


## ALLEGATIONS

42.     Plaintiffs or Plaintiffs' decedent have been diagnosed with and suffer from an asbestos-related disease as a result of exposure to crocidolite, amosite, chrysotile, tremolite, and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos."

43.     Plaintiffs or Plaintiffs' decedent were diagnosed with and suffered from an asbestos-related disease as a result of his exposure to crocidolite, amosite, chrysotile, tremolite, and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos."   As a result of his exposure to asbestos David Harold Parker died of mesothelioma on September 30, 2010.

44.     Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive, and deadly tissue damage which can

11

manifest itself as malignant mesothelioma, lung cancer, and other cancers. Most airborne asbestos fibers are microscopic in size, fall at a very slow rate, and can easily be "re-entrained" into the atmosphere. All asbestos fibers are indestructible up to very high temperatures and do not disintegrate. Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use. Suspended asbestos fibers settle on all objects introduced into such environments, including but not limited to work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing. Such asbestos-laden clothing can contaminate a home, car, or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

45.     At all times pertinent hereto, Plaintiffs or Plaintiffs' decedent, were users and consumers of the asbestos and asbestos products manufactured and supplied by the Defendants.

46.     During the above-stated years, Plaintiffs or Plaintiffs' decedent, while working with and around asbestos and asbestos products manufactured and supplied by the above-named defendants, were caused to inhale asbestos fibers which were released from the said products and became airborne during the products' intended use.

47.     At all times pertinent hereto, the product or products manufactured, distributed, sold, and/or supplied by the Defendant corporations reached Plaintiffs or Plaintiffs' decedent without any substantial changes in the condition of the product or products from the time they were sold.

48.     Each Defendant, both substantially prior to and during the exposure period, contaminated the work sites of Plaintiffs or Plaintiffs' decedent with respirable asbestos fibers by one or more of the following means:

a.      installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying, and/or selling ACMs;

b.      recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold;

c.      failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on, or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold when the use of the same was reasonably foreseeable;

d.      failing to maintain the work sites of Plaintiffs or Plaintiffs' decedent in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

e.      failing to adequately warn Plaintiffs or Plaintiffs' decedent of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate his exposure to asbestos;

f.      In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

g.     In addition, premises owners are sued for negligently installing, removing, maintaining, or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

49.     At all relevant times hereto, the Defendants knew or should have known all of the following:  (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute Plaintiffs or Plaintiffs' decedent home and work environments, virtually insuring that they would constantly be exposed to asbestos.

**VENUE**

50.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Plaintiffs are resident citizens of Alabama.  Defendants are corporations whose principal places of business are in states other than Alabama.  The amount in controversy, exclusive of interest and cost, exceeds $75,000.00 and is within the jurisdiction of the Court.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

51.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

14

52.   At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company,   the above-named Defendants are liable to the Plaintiffs jointly and/or severally for being generally negligent in failing to provide a safe product, and more specifically as follows:

a.   For carelessly and negligently installing, distributing, supplying, manufacturing, and selling the said asbestos and asbestos products so as to cause injury to the Plaintiffs;

b.   For carelessly and negligently creating and allowing a dangerous condition to exist by failing to properly package the said products;

c.   For carelessly and negligently allowing a dangerous condition by failing to inspect the packaging of the said products;

d.   For carelessly and negligently creating and allowing a dangerous condition by failing to provide proper instructions for handling said products;

e.   For failing to exercise the requisite degree of care and caution in the distribution, manufacture, supply, and sale of the said products;

f.   For failing to warn and/or adequately warn of the dangers of the product or products when the Defendant corporations knew or should have known that the use and/or exposure to the product or products would cause disease and injury;

g.   For failing to take reasonable precautions to warn of the dangers to which Plaintiffs or Plaintiffs' decedent were exposed when the Defendants knew or should have known of the said dangers;

h.   In failing to warn the Plaintiffs or Plaintiffs' decedent what would be safe and sufficient wearing apparel for a person who is exposed to or using the said product or products;

i.   For negligently failing to inform Plaintiffs or Plaintiffs' decedent of what would be safe, sufficient, and proper protective equipment and appliances when using or being exposed to the products;

j.      For failing to test the products;

k.      For failing to remove the product from the market when the Defendant corporations knew or should have known of the hazards of exposure to the products;

l.      For failing to use substitute materials for the asbestos in the asbestos-containing products;

m.      For failing to mark, label, or otherwise identify and distinguish during installation and subsequently those products which contain asbestos;

n.      For failing to warn Plaintiffs or Plaintiffs' decedent employers of the dangers associated with the inhalation of asbestos fibers;

o.      In negligently suppressing the dissemination of medical and scientific information relating to the harmful effects of exposure to asbestos and asbestos-containing products and in prohibiting the publication of certain scientific and medical articles.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiffs request reasonable attorney's fees.  Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY

53.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

54.     At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company, the above-named Defendants are strictly liable to the Plaintiffs as follows:

a.      For failure to properly, adequately, and safely label the product or products;

b.      For selling a product or products which were in a defective condition and unreasonably dangerous in their design and manufacture at the said time of sale;

c.      For selling a product or products which were in a defective condition because they were without all necessary elements to make them safe for use;

d.      For selling a product or products that were in a defective condition and because of a failure to give adequate and complete warnings of the known or knowable dangers involved in the use and exposure to the product or products.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiffs request reasonable attorney's fees.  Further, Plaintiffs request that the Court enter a judgment consistent with the

verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## THIRD CAUSE OF ACTION

## <u>GROSS, WILLFUL, AND WANTON MISCONDUCT</u>

55.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

56.   The Defendants are liable to the Plaintiffs for their gross, willful, and wanton misconduct in knowingly and intentionally concealing and misrepresenting the dangerous characteristics of their asbestos products, as well as concealing the detrimental aspects of asbestos contained in its products to Plaintiffs or Plaintiffs' decedent health and physical condition.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiffs request reasonable attorney's fees.  Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FOURTH CAUSE OF ACTION

## <u>PREMISES LIABILITY</u>

57.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

58.     Plaintiffs or Plaintiffs' decedent were exposed to asbestos while on the premises of the Premises Defendants.  Plaintiffs or Plaintiffs' decedent were on Premises Defendants' premises at their express or implied invitation and entered for a purpose connected with the business of Premises Defendants, or their predecessors in interest, that resulted in or may have resulted in their mutual economic benefit.

59.     The condition of Premises Defendants' property posed an unreasonable risk of harm to those on the premises and their families, including Plaintiffs or Plaintiffs' decedent.  The presence of asbestos and asbestos dust on Premises Defendants' premises constituted a concealed defect at the time that Plaintiffs or Plaintiffs' decedent arrived at the premises. The manner of use of asbestos and asbestos-containing materials at Premises Defendants' facilities created an unreasonably dangerous condition at these facilities for both primary and secondary asbestos exposure.

60.     While Plaintiffs or Plaintiffs' decedent were working at these premises, their work activity included being exposed to asbestos particles and asbestos dust.

61.     As the possessors, owners, operators, managers, and/or occupiers of the premises, Premises Defendants had non-delegable duties to keep the premises safe for invitees.

62.     Premises Defendants knew or should have known of the danger of exposure to asbestos or asbestos dust on their premises and failed to exercise ordinary care to protect

Plaintiffs or Plaintiffs' decedent from the danger. Premises Defendants failed to adequately warn Plaintiffs or Plaintiffs' decedent of the presence and hazards of asbestos, asbestos dust and others working with asbestos and failed to make this condition reasonably safe. These failures were a proximate cause of Plaintiffs or Plaintiffs' decedent injuries and damages.

63.     Further, Premises Defendants, or their predecessors in interest, engaged in negligent activity by exposing Plaintiffs or Plaintiffs' decedent secondarily to asbestos particles and/or asbestos dust. Premises Defendants, their agents, servants, and/or employees were further guilty of certain acts, wrongs, omissions, and/or undertakings with respect to the use and misuse of asbestos-containing products at Premises Defendants' facilities, each of which, independently or in combination with one another, amount to negligence. This negligent activity, omission, or undertaking was a proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FIFTH CAUSE OF ACTION

## CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY

64.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

65.     Defendant Metropolitan Life Insurance Company agreed and conspired with miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

66.     Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything.   Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors to mislead and obfuscate.

67.     Defendant Metropolitan Life Insurance Company knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted manufacturers of asbestos-containing products in keeping Plaintiffs or Plaintiffs' decedent, other business invitees, users, bystanders, household members, members of the general public, and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos-containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

68.     Defendant Metropolitan Life Insurance Company directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

    a.      Had no adequate basis for such representations;

b.       Knew that a significant health hazard to human life existed from asbestos.

69.    Defendant Metropolitan Life Insurance Company had reason to expect that as a result of such representation, Plaintiffs or Plaintiffs' decedent, other business invitees, users, bystanders, household members, members of the general public, and others similarly situated would be exposed to asbestos.

70.    Even after the dangers of asbestos finally began to be known to Plaintiffs or Plaintiffs' decedent, other business invitees, users, bystanders, household members, members of the general public, or others similarly situated, Metropolitan Life Insurance Company continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions, to destroy records and hide witnesses and other evidence, and for such other wrongful and unnecessary action so as to:

a.       Prevent and delay Plaintiffs or Plaintiffs' decedent, and others similarly situated from filing legal action to recover for these injuries, and/or;

b.        Defeat and/or delay such legal actions and the final collection of any judgment.

71.    Similarly, Defendant Metropolitan Life Insurance Company aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

72.    As a direct and proximate result of the above wrongful conspiracy of Metropolitan Life Insurance Company, Plaintiffs or Plaintiffs' decedent were exposed to asbestos and developed the aforementioned asbestos-related diseases and sustained the injuries described herein.

73.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Metropolitan Life Insurance Company, Plaintiffs or Plaintiffs' decedent were exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers causing Plaintiffs or Plaintiffs' decedent to develop the asbestos-related diseases aforesaid, disabling and disfiguring them.  Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of these asbestos-induced diseases and conditions.  Plaintiffs or Plaintiffs' decedent experienced great physical pain and mental anguish as a result of their asbestos-induced diseases and conditions, and have been hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued them.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiffs request reasonable attorney's fees.  Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## SIXTH CAUSE OF ACTION

## WRONGFUL DEATH AS TO PLAINTIFF'S DECEDENT JOHN C. ROBERTS

74.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

75.     Plaintiff, J. Lynn Freeman, is the personal representative of the Estate of John C. Roberts, deceased. Pursuant to Alabama law he is entitled under the Wrongful Death Act, Ala. Code 1975 § 6-5-410, to bring this action to recover for the wrongful death of David Harold Parker.

76.     Prior to his death, the plaintiff's decedent could have timely filed a cause of action in this jurisdiction for his personal injuries resulting from the same series of wrongful acts alleged herein.

77.     The Alabama Wrongful Death Act entitles Plaintiff J. Lynn Freeman to recover punitive damages for even the simple negligence of the Defendants without any applicable cap on same.  The Plaintiff seeks monetary damages in excess of the jurisdictional limits of this Court.

78.     Plaintiff, J. Lynn Freeman, alleges that his decedent's injuries and damages were a proximate consequence of the negligent, wanton, or wrongful conduct of the defendants.

79.     As a proximate consequence of the aforesaid wrongful, negligent or wanton conduct of each of the above-described defendants, Plaintiff's decedent was injured and damaged as follows:

    (a)     Plaintiff's decedent suffered substantial occupational asbestos exposure, which caused mesothelioma; and

(b)    Plaintiff's decedent was caused to endure extreme pain and suffering relating to the aforementioned asbestos related disease between the time of his injury and his death; and

(c)    Defendants' reckless, willful, wanton and/or wrongful behavior caused or contributed to cause injury and subsequent death of Plaintiff's decedent.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiffs request reasonable attorney's fees.  Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## DAMAGES

80.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

81.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiffs or Plaintiffs' decedent were exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers causing Plaintiffs or Plaintiffs' decedent to develop the asbestos-related diseases aforesaid, disabling and disfiguring them.  Plaintiffs

have been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of these asbestos-induced diseases and conditions.  Plaintiffs or Plaintiffs' decedent have experienced great physical pain and mental anguish as a result of their asbestos-induced diseases and conditioned, and have been hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued them.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiffs request reasonable attorney's fees.  Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

THIS the 14th  day of November, 2011.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
ASB-6357-A64G
*Attorney for Plaintiff*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE:  205-871-0801
EMAIL:        efile@mesohelp.com

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

s/G. Patterson Keahey
G. PATTERSON KEAHEY