# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA, NORTHWESTERN DIVISION

| | |
|---|---|
| **CLARENCE CRAYTON, et al.,**          ) | |
|                                        ) | |
|     **Plaintiffs,**                    ) | |
|                                        ) | **Civil Action No.** |
| v.                                     ) | **3:11-cv-03912-PWG** |
|                                        ) | |
| **ARMSTRONG INTERNATIONAL,**           ) | |
| **et al.,**                            ) | |
|                                        ) | |
|     **Defendants.**                    ) | |

### FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO SEVER

Defendant FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY, INC. (FLOWSERVE) hereby moves this Court to dismiss Plaintiffs' Complaint and Amended Complaint (sometimes collectively the "Complaint") pursuant to *Fed. R. Civ. P.* 12(b)(6) for failure to state a claim upon which relief may be granted, as well as pursuant to *Fed. R. Civ. P.* 8(a), requiring a "plain statement of the claim" against Defendants. In the alternative, and if the Court does not dismiss the Complaint, FLOWSERVE moves the Court, pursuant to *Fed. R. Civ. P.* 12(e), to enter an order requiring each individual Plaintiff to file a more definite statement of his or her claim. Additionally, FLOWSERVE moves this Court, pursuant to *Fed. R. Civ. P.* 20 and 21 for an order severing these Plaintiffs.

FLOWSERVE can only gather that the Plaintiffs allege to have suffered injuries and damages including being diagnosed with an asbestos related disease as the result of alleged exposure to asbestos and asbestos-containing products at some time during their varied occupations and lengths of occupations; and that several Defendants who manufactured, sold, distributed, and/or supplied said asbestos-containing products to which Plaintiffs were exposed are incorporated in

and/or have their principal places of business in Alabama. Plaintiffs sued thirty-four (34) Defendants but provide no specific information regarding: 1) the alleged exposure to asbestos from any particular Defendant's product or premises; 2) which specific product or premises were involved; 3) how the exposure occurred; nor 4) whether that exposure was sufficient to create a causal relation between the exposure and the Plaintiffs' alleged conditions. As a result, no Defendant in this case can assess whether this Court has subject matter jurisdiction, whether this Court has personal jurisdiction over any or all of the Defendants, whether venue is appropriate, whether a statute of limitations defense might apply to any or all of the Defendants or what, if any, affirmative defenses might be available to any Defendant in this case.[1]  FLOWSERVE accordingly asks this Court to dismiss the Complaint for its non-compliance with *Fed. R. Civ. P.* 8, or, in the alternative, to require Plaintiffs to file a more definite statement of their claims against all Defendants in this case, and for an order severing these Plaintiffs into separate, individual actions.

## I. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE IT FAILS TO SET OUT PLAINTIFFS' CLAIMS AGAINST DEFENDANTS WITH ADEQUATE DETAIL.

Plaintiffs' Complaint fails to state a claim upon which relief may be granted because it fails to set out Plaintiffs' claims against Defendants with the detail required by *Fed. R. Civ. P.* 8. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002). Rule 8 provides that a complaint "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." The Committee Comments to Rule 8 provide that "[a]lthough Rule 8(a) eliminates many technical requirements of pleading, it is clear that it envisages the statement of *circumstances, occurrences, and events* in support of the claim presented." *Fed. R. Civ. P.f 8, comm. cmts.* (emphasis added). The

---

[1] Further, FLOWSERVE specifically reserves its right to challenge Plaintiffs' actions on these and any other grounds once Plaintiffs properly provides "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by *Fed. R. Civ. P.* 8.

Alabama Supreme Court has clearly stated that it will not "ignore the ultimate goal of pleadings under [the Rules]: *to provide fair notice to adverse parties of the claim against them and the grounds upon which it rests*. The liberality with which the Rules are construed, then, must be balanced against the requisites of fair notice to adverse parties and strict adherence to statutorily prescribed procedures." *Bullen v. Brown*, 535 So. 2d 76, 80 (Ala. 1988) (emphasis added) (quoting *Simpson v. Jones*, 460 So. 2d 1282, 1284-85 (Ala. 1984)). Clearly, a complaint that fails to give a defendant fair notice does not comply with Rule 8. *See Bullen*, 535 So. 2d at 79-80. Specifically, while cases are to be decided on the merits and not the technicalities of pleadings, *Johnson v. City of Mobile*, 475 So. 2d 517, 519 (Ala. 1985), a defendant must receive fair notice of the plaintiff's claims and the grounds upon which they rest. *Carter v. Calhoun Cnty. Bd. of Educ.*, 345 So. 2d 1351, 1353 (Ala. 1997). To be sufficient, the complaint must put a defendant on notice of the actions against which it must defend. *Sanders v. Judson Coll.*, 514 So. 2d 890, 891 (Ala. 1987). Here, neither the Plaintiffs' Complaint nor the Amended Complaint provide any facts whatsoever regarding the basis for the specific claims against Chesterton.

      A.      **<u>Shotgun Pleadings Do Not Satisfy Federal Notice Pleading Standards.</u>**

Like the Alabama rule, *Fed. R. Civ. P.* 8 also requires "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for judgment for the relief sought." As early as 1959, federal courts warned that even under the "notice" pleading standard, pleadings must be presented in adequate detail "so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Hoshman v. Esso Standard Oil Co.,* 263 F.2d 499, 501 (5th Cir. 1959) (quotations omitted). Thus, "[p]leadings must be something more than an ingenious academic exercise in the conceivable. A complaint must contain either direct or inferential allegations respecting all the

3

material elements necessary to sustain recovery under *some* viable legal theory." *Pittman v. Montgomery Cnty. Sheriff's Dep't,* 2007 WL 2429210, at *3 (M.D. Ala. Aug. 22, 2007) (emphasis in original; internal quotations and citations omitted).

In *Bell Atlantic Corp. v. Twombly,* 127 Sup. Ct. 1955 (2007), the United States Supreme Court rejected the 50-year old standard of review on motions to dismiss set out in *Conley v. Gibson,* 355 U.S. 41, 47 (1957) (allowing courts to deny a motion to dismiss so long as some "set of facts" could be proved to support plaintiffs' claims), and clarified that plaintiffs are to be held to a more stringent pleading requirement based on plausibility. The Court in *Twombly* explained that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action." *Id.* at 1964. The Court held that Fed. R. Civ. P. 8(2) explicitly requires "a showing, rather than a blanket assertion, of entitlement to relief." *Id.* at 1965 at n.3 (internal quotations omitted). Where, as here, there are insufficient factual allegations in the complaint, "it is hard to see how a claimant could satisfy not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.*

Two years later, the Court clarified and extended *Twombly* in *Ashcroft v. Iqbal*, 129 Sup. Ct. 1937 (2009). In *Iqbal*, the Court set forth a two-step analysis for adjudicating a motion to dismiss. First, the trial court identifies and rejects legal conclusions unsupported by factual allegations. *Id.* at 1949. Next, the court assumes the veracity of the "well-pleaded factual allegations" and drawing on the court's "judicial experience and common sense," determines whether the allegations "plausibly give rise to an entitlement to relief." *Id.* In other words, under *Iqbal* and *Twombly*, the plaintiff must present a story that is factually clear enough to place defendants on notice of the allegations brought against them and to present a "plausible" story that convinces the Court that the plaintiff

has an at least reasonable chance of proving the claims asserted in the complaint based on the allegations.

Plaintiffs' Complaint exemplifies the kind of "shotgun" pleading that fails to satisfy these requirements. The Eleventh Circuit Court of Appeals and other federal courts have acknowledged the harmful effects of shotgun pleading in a number of recent opinions. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001) (holding that shotgun pleadings "wreak havoc on the judicial system," "harm the court by impeding its ability to administer justice," and that monetary sanctions are valid when particularly egregious abuses are present in shotgun pleading). In *Magluta v. Samples*, the Eleventh Circuit identified a shotgun complaint as one ignoring the "short and plain statement of the claim" requirement by identifying multiple defendants and charging all defendants in each count. 256 F.3d 1282, 1284 (11th Cir. 2001). As the court explained, a shotgun complaint "is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [various] defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id.* The court noted that shotgun pleadings have been repeatedly condemned by the court and found "the toleration of complaints such as this one does great disservice to the administration of civil justice." *Id.* (quotations omitted).

The court in *Hayden v. Ala. Dep't of Pub. Safety* described a typical characteristic of shotgun pleadings: "plaintiff . . . generically pleads that 'Defendants,' in the plural form, [caused him injury] without enumerating the precise acts of each Defendant which resulted in the alleged . . . violation." 506 F. Supp. 2d 944, 952 (M.D. Ala. 2007). In such pleadings, "[t]he resulting difficulty in sorting through allegations almost drowns a meritorious claim in a sea of marginal ones." *Beckwith v. City of Daytona Beach Shores, Florida,* 58 F.3d 1554, 1567 (11th Cir. 1995). As stated by the Southern

District of Alabama, "a civil case framed with shotgun pleadings, on close scrutiny . . . simply [falls] apart." *Lucy v. Clarke Cnty., Alabama*, 2000 WL 549983, *2 (S.D. Ala. April 27, 2000) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). Simply put, "[s]hotgun pleadings do not satisfy a plaintiff's burden under the Federal Rules of Civil Procedure." *Hayden*, 506 F. Supp. 2d at 952.

In at least two recent cases, the District Court for the Northern District of Alabama has followed the Eleventh Circuit's mandate and dismissed shotgun pleadings. In *Sidney Chancellor, et al. v. Air Liquide Am. Corp., et al.*, Case No. CV-04-BE-2554-S (N.D. Ala. Oct. 8, 2004), Judge Karon O. Bowdre *sua sponte* dismissed the plaintiff's complaint for the plaintiff's failure to state a claim upon which relief could be granted and failure to plead with the required particularity. In her order, Judge Bowdre stated that the vague nature of the shotgun complaint "force[d] the defendants to guess what they each may have done to injure the plaintiffs, and when, where, and how," requiring "[a]ll seventy-five defendants [to] answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal." *Id.* In holding that dismissal was the correct approach, the court acknowledged that it was "acutely aware of its duty to dispose of shotgun complaints at the earliest opportunity. . . . Rather than wait until justice has been obstructed by the inadequacies of this complaint." *Id.* at 2-3. The Order of Dismissal, entered on the court record on October 8, 2004, is attached hereto as Exhibit A.

Shortly after that decision, Chief Judge U.W. Clemon in the Northern District of Alabama ordered the dismissal of *Skip Palmer, et al. v. Aearo Corp., et al.,* Case No. 7:04-cv-3262-UWC (N.D. Ala. May 31, 2005) on similar grounds. The court determined that the plaintiffs' complaint did not provide sufficient information for the twenty-three defendants to discern which causes of

6

action applied to individual defendants because the complaint did not make clear "what Defendants produced which products, and the resulting causes of action related to those products." *Id.* at 2. Like Judge Bowdre, Chief Judge Clemon dismissed the case *sua sponte* with leave to refile a complaint in compliance with the Federal Rules of Civil Procedure. Chief Judge Clemon noted that "it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Id.* (quoting *Hoshman*, 263 F.2d at 501). The Order of Dismissal, entered on the court record on May 31, 2005, is attached hereto as Exhibit B.

      **B.**      <u>**Alabama's Sister States' Courts Have Condemned Shotgun Pleadings in Asbestos Litigation.**</u>

In 2004, the Mississippi Supreme Court decided *Harold's Auto Parts, Inc. v. Mangialardi* and set down a rule that is instructive to other courts struggling with the propriety of shotgun pleadings. 889 So.2d 493 (Miss. 2004). That court stated, "Absent exigent circumstances, plaintiffs' counsel should not file a complaint until sufficient information is obtained, and plaintiffs' counsel believes in good faith that *each plaintiff* has an appropriate cause of action to assert against a defendant ... . To do otherwise is an abuse of the system, and is sanctionable." *Id.* (emphasis in original). The appellate court directed the trial court to dismiss, without prejudice, the complaint of each plaintiff unless within forty-five days the plaintiff provided the defendants and trial court with "sufficient information . . . , includ[ing], at a minimum, the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure." *Id. Mangialardi* remains good law and has been upheld by the Mississippi Supreme Court on several occasions. *See*, *e.g.*, *Canadian National/Illinois Central Railroad Co. v. Smith*, 926 So. 2d 839,

840- 41, 846 (Miss. 2006).

While this Court is not bound by Mississippi law, federal courts have the benefit of learning from the Mississippi courts' experience with shotgun pleadings. *Mangialardi* and its progeny are instructive of the downward spiral that can be expected if pleadings such as Plaintiffs' Complaint go unchecked. Further, in addition to Mississippi's criticism of the use of shotgun pleadings, Florida and Tennessee courts have also condemned such unwieldy pleadings. In *Dubus v. McArthur*, 682 So. 2d 1246 (Fla. 1st Dist. 1996), the Florida appellate court wrote that "it is apparent that the task of the trial court here was made more difficult because the appellant's amended complaint improperly attempts to state in a single count separate causes of action." Similarly, in *Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th Dist. 1999) the Florida courts noted that a proper "complaint must set out the elements and the facts that support them *so that the court and the defendant can clearly determine what is being alleged* (emphasis added) (*citing Seaboard Air Line R.R. v. Rentz*, 54 So. 13 (Fla. 1910)).

In the same vein, the Tennessee courts have explicitly stated that "[t]he shotgun complaint or answer, filed in the hope that discovery will produce the justification for it, is improper." *Andrews v. Bible*, 812 S.W.2d 284, 288 (Tenn. 1991). While these cases are not mandatory authority, they provide overwhelming support for this Court to dismiss the present complaint for its failure to comply with the basic tenets of the *Federal Rules of Civil Procedure.*

**C.    Plaintiffs' Complaint and Amended Complaint Fail to Give Notice Sufficient to Satisfy the Pleading Requirements.**

Plaintiffs in this case filed suit against thirty-four (34) named Defendants. Despite this broad class of parties, the Complaint does not identify a single specific product, work site, or act through which Defendants might have caused, directly or indirectly, harm to Plaintiffs. Plaintiffs simply allege exposure to asbestos as follows:

    1.      John K. Atkinson, during his employment as a boiler inspector and engineer from approximately 1970 to 1993.  *See* Complaint at ¶ 2.

    2.      Don Haataja, during his employment as a carpenter from approximately 1964 to 1994.  *See* Complaint at ¶ 3.

    3.      Larry Lipe, during his employment as an electronic technician, in communications, and maintenance worker from 1971 through 2011.  *See* Complaint at ¶ 4.

    4.      John C. Roberts (J. Lynn Freeman's Decedent), during his employment as a certifying officer, payroll officer, and able seaman from approximately 1943 to 1964.  *See* Complaint at ¶ 5.

This generic language does not give notice to FLOWSERVE or any other Defendant of the alleged circumstances, occurrences, or events that support Plaintiffs' allegations.  *See Fed. R. Civ. P.* 8, comm. cmts.  The Plaintiffs do not identify any jobsite, worksite, location, premises, place of employment, or employer at which or through which Plaintiffs or Plaintiff's Decedent were exposed to asbestos or to any asbestos-containing product.  Instead, FLOWSERVE and all other parties are left to guess as to where Plaintiffs were allegedly exposed to asbestos, when such exposure allegedly occurred, what type of work Plaintiffs were performing at the time of the exposure, and any other similar allegations that would properly inform FLOWSERVE of the basis for Plaintiffs' claims. As an example of the Complaint and Amended Complaint's inherent deficiencies, it is unclear to FLOWSERVE whether it should raise defenses related to products liability claims, premises liability claims, or some other unanticipated type of action.  Quite simply, the *Federal Rules of Civil Procedure* do not contemplate requiring a defendant in Chesterton's position to respond to such a hopelessly overbroad set of allegations.

The Complaint and the Amended Complaint are, in effect, generic pleadings referencing thirty-four (34) Defendants.  For example, in an illusory attempt to provide some specificity in the pleading, the Complaint lists various alleged misdeeds of the collective Defendants (except for Metropolitan Life Insurance), including failure to maintain a safe workplace or failure to warn of

asbestos exposure; yet these allegations are made without any context whatsoever and amount to no more than a laundry list of potential ways or causes by which an individual could be exposed to asbestos. As another example of false clarity, the Complaint consistently refers to "asbestos products" as though there were a particular type of product to which the Plaintiffs were exposed. This term is meaningless, however, given its hopelessly overbroad definition as set forth in the pleading: "asbestos and asbestos-containing products."

The vague nature of the Complaint and Amended Complaint force Defendants to speculate as to "what each may have done to injure the plaintiffs, and when, where and how…" *Chancellor*, Ex. A, at 2. The Complaint further fails to make clear "what Defendants produced which products, and the resulting causes of action related to those products." *Palmer*, Ex. B, at 2. In short, no sufficient detail is given "so that the defendant[s], and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Id.*

As the Eleventh Circuit observed in *Magluta,* it is geographically and temporally impossible for each of the Defendants to have participated in each of the actions or inactions that Plaintiffs' claim led to their injuries. 256 F.3d at 1284. Moreover, it is highly unreasonable to expect these Defendants to divine which, if any, "asbestos containing products" might be attributed to them where Plaintiffs provide no product names and no information as to the products' use, manufacturers, or distributors over a period of almost seventy years.

The most immediate effect of such a complaint is that Defendants have no way to formulate an answer that will address the claims, if any, Plaintiffs may later have against any particular Defendant. Defendants risk the possibility of failing to plead affirmative defenses that future discovery may reveal are necessary to that Defendant's defense in this case. By failing to

properly delineate Plaintiffs' claims against Defendants, Plaintiffs have put FLOWSERVE (and all other Defendants) in the precarious position of blindly defending itself against a plethora of unknown claims related to a plethora of unknown negligent acts. This precarious situation threatens judicial efficiency and deprives Defendants of the fundamental fairness that is guaranteed to them by the *Federal Rules of Civil Procedure* and the U.S. Constitution. Because of this, and because the Complaint and Amended Complaint fail to provide a short and plain statement of Plaintiffs' claims, they fail to state a claim upon which relief may be granted and are due to be dismissed.

## II. IN THE ALTERNATIVE, THE COURT SHOULD ENTER AN ORDER DIRECTING PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT.

In the alternative, and if the Court does not dismiss Plaintiffs' Complaint and Amended Complaint, the Court should enter an order directing Plaintiffs to file a more definite statement of the claims against Defendants. The *Federal Rules of Civil Procedure* provide that "[i]f a pleading to which a responsive pleading is required is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *Fed. R. Civ. P.* 12(e). The Eleventh Circuit has explained, "with the shotgun pleading out of the way, the trial judge will be relieved of 'the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses.'" *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996) (quoting *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)).

In fact, "[i]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." *Pittman,* 2007 WL 2429210, at *3 (quoting *Byrne*, 261 F.3d at 1129-30). Then, if Plaintiffs do not replead to the Court's

satisfaction, the Court has the inherent authority to dismiss the case. *Hayden*, 506 F. Supp. 2d at 953 ("Plaintiff is forewarned, however, that if only conclusory allegations are provided, the court will entertain and grant a motion to dismiss, if filed.").

Because Defendants are not on notice of the claims Plaintiffs allege and as it is impossible for Defendants to frame responsive pleadings to such wholly ambiguous filings, the Court should enter an order requiring a more definite statement from Plaintiffs.

## III.   THE COURT SHOULD ENTER AN ORDER SEVERING THE PLAINTIFFS AND DIRECTING EACH TO FILE A SEPARATE, SIGNIFICANTLY AMENDED COMPLAINT.

FLOWSERVE further requests this court to sever the Complaint and Amended Complaint pursuant to Rules 20 and 21 of the *Federal Rules of Civil Procedure* and to require, pursuant to Rule 12(e), that each severed Plaintiff file an amended complaint, with a separately assigned civil action number, that contains a more definite statement so as to put the Defendants on notice of the claims being brought against them. The Complaint purports to state separate claims on behalf of five separate Plaintiffs, but there are no allegations in the Complaint that would support consolidations of these five separate claims in a single Complaint. There are no common questions of fact articulated in the Complaint to support consolidation of these five claims in a single Complaint.

Plaintiffs are not properly joined pursuant to Rule 20(a)(1) of the *Federal Rules of Civil Procedure* which provides that persons may join in one action as plaintiffs if (1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action.

In this matter, the Complaint is brought by five separate Plaintiffs (four of whom assert

claims for personal injuries and one who asserts a claim for wrongful death) alleging exposure to asbestos-containing products supplied, manufactured, or distributed by thirty-four separately named Defendants. However, for each of the five Plaintiffs, the Complaint provides no specific allegations of exposure to any specific product. In fact, no products to which Plaintiffs claim exposure are identified at all. The Complaint similarly fails to provide any specifics as to how, when, or where each Plaintiff or the Decedent was allegedly exposed to any product manufactured or supplied by any of the Defendants. Nowhere in Plaintiffs' Complaint is there any information that would lead this Court to conclude that there is a common set of facts forming the basis of Plaintiffs' claims and that Plaintiffs are properly joined.

By failing to allege any facts that Plaintiffs' rights to relief arises out of the "same transaction, occurrence or series of transactions or occurrences," the Complaint fails to meet even the minimal requirements for joinder required by *Fed. R. Civ. P.* 20. As a result, Plaintiffs should be severed from one another pursuant to *Fed. R. Civ. P.* 21. Upon re-filing their severed and amended complaints, each Plaintiff should be required to provide the Defendants and this Court with a more definite statement of his or her claims. Rule 12 (e) of the *Federal Rules of Civil Procedure* requires a party who has filed a pleading so vague or ambiguous that the opposing party cannot reasonably be required to frame a responsive pleading to correct the details complained of and to provide the details desired. *See Fed. R. Civ. P.* 12(e).

### III. CONCLUSION

In this case, Plaintiffs make widespread claims against a large group of Defendants based on alleged exposure to asbestos between 1943 and 2005. Because of the vagueness of the Complaint, FLOWSERVE is unable to ascertain which, if any, of its products, actions, or inactions allegedly caused the purported injuries, where the alleged unlawful acts occurred, or

when such acts were committed. All of these allegations are critical to Chesterton's evaluation of and pleading its defenses in this case.

The Plaintiffs' Complaint and Amended Complaint are due to be dismissed because they fail to state a claim upon which relief may be granted by providing a short and plain statement of Plaintiffs' claims against Defendants as required by *Fed. R. Civ. P.* 8. Plaintiffs' Complaint is precisely the type of pleading that has been prohibited by the Eleventh Circuit Court of Appeals, the Northern and Southern Districts of Alabama, and the Appellate Courts of Mississippi, Florida, and Tennessee, among others. No additional information relating to asbestos exposure, work sites, or product identification is provided in the Amended Complaint. The Amended Complaint merely corrects clerical oversights relating to Plaintiff's Decedent Harold Parker, and adds an additional defendant in the matter. Alternatively, FLOWSERVE requests the Court to enter an order severing the claims of the Plaintiffs and requiring each severed Plaintiff to file a more definite statement of his or her individual claim to include: (1) the name and location of each work site where exposure to asbestos is claimed; (2) the dates worked at each work site; (3) the Plaintiff's or Decedent's occupation at each work site; (4) the identity of the asbestos containing products and associated Defendants present at each worksite; (5) the name of the disease or diseases each Plaintiff contends is associated with the alleged asbestos exposure; and (6) the date of diagnosis for the disease.

For all of the reasons set forth above, the claims of these five individual plaintiffs are due to be severed and FLOWSERVE requests that the Court enter its order severing the claims of each of these Plaintiffs into individual actions and directing the Clerk to assign a civil action number to each individual Plaintiff upon the filing of the anticipated amended complaints.

FLOWSERVE also prays for such other and further relief this Honorable Court may deem

necessary and proper.

>                             */s/* Edward B. McDonough, Jr.
>                             EDWARD B. MCDONOUGH, JR., MCD020
>                             Attorney for Defendant,
>                             FLOWSERVE CORPORATION f/k/a THE
>                             DURIRON COMPANY, INC.

OF COUNSEL:
EDWARD B. MCDONOUGH, JR.,
P.C.
Post Office Box 1943
Mobile, Alabama 36633
Telephone: 251-432-3296
Facsimile: 251- 432-3300
Email: ebm@emcdonoughlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 8th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

>                             s/Edward B. McDonough, Jr.
>                             Edward B. McDonough, Jr., (MCDOE0149)

15